IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUKHPREET JALLI aka | § | |
| PRINCE JALLI, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:18-cv-0087 |
| | § | |
| SABA RIZWAN ENTERPRISES, LLC | § | |
|     Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover unpaid minimum wages and overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Sukhpreet "Prince" Jalli ("Plaintiff"), by Defendant Saba Rizwan Enterprises, LLC.

### Parties

1.  Plaintiff Sukhpreet "Prince" Jalli ("Jalli") is a former employee of the Defendant, as that term is defined by the FLSA, and is represented by the undersigned.

2.  Defendant Saba Rizwan Enterprises, LLC ("Saba") is a Texas limited liability company that employed Plaintiff. With respect to Plaintiff, Saba is subject to the provisions of the FLSA. Saba was at all relevant times an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Defendant Saba may be served with process through its registered agent, Waseem Unnisa Alikhan at 2719 Creek Terrace Dr., Missouri City, Texas 77459 or wherever he may be found.

### Jurisdiction and Venue

3.  This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district,

and the events underlying this complaint occurred within this judicial district as well.  At all times pertinent to this Complaint, Defendants was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.  At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendant's business.  Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.  Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

4.      Jalli was employed by the Defendant as a cashier from April of 2017 to October 1, 2017.  Jalli's duties included, but were not limited to, selling gasoline, snacks and other merchandise to customers, operating the register to take and process payments from customers and stocking and shelving merchandise at the store.  Plaintiff regularly worked more than 40 hours a week throughout his employment with Defendant.  Jalli was paid on an hourly basis, but was not paid the overtime premium pay for hours worked over 40. Throughout Jalli's employment with Defendant, Defendant failed to pay him the overtime premium required by the FLSA.  He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

5. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

6. Defendant is liable to Plaintiff under the FLSA for all unpaid minimum wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs. Defendant acted, at all times, willfully and intentionally to violate the provisions of the Fair Labor Standards Act and as a result, should be held liable to the fullest extent of the law.

## CAUSES OF ACTION

### Violation of the FLSA:  Failure to Pay Overtime Premium

7. Plaintiff incorporates all previous averments of fact into this Cause of Action. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendant.

8. Plaintiff worked, with the full knowledge and to the benefit of Defendant, more than 40 hours during work weeks.

9. Defendant paid Plaintiff a straight hourly wage for each hour worked.

10. Defendant knew or should have known that Plaintiff was entitled by law to an overtime premium for every hour worked over 40 in any given work week.

11. Defendant willfully refused to play Plaintiff the overtime premium.

12. Plaintiff has been damaged by Defendant's intentional failure to pay Plaintiff the overtime premium for hours worked over forty.

13. Defendant is liable to Plaintiff under the FLSA for all unpaid overtime premium, liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

14. Plaintiff sues Defendant for violation of the overtime provisions of the FLSA and seeks recovery of damages, liquidated damages, attorney's fees and costs.

## Jury Demand

15. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid overtime wages at the applicable rates;
2. Judgment against Defendant that their violations of the FLSA were willful;
3. An amount equal to the actual damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF SUKHPREET "PRINCE" JALLI**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgettlaw@gmail.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFF**
**SUKHPREET "PRINCE" JALLI**